### BENJAMIN T. EDWARDS *v.* RUFUS HOPKINS.

The value of the action spoken of in ch. 165, sect. 2, Rev. Stats., as giving the court of common pleas original jurisdiction in civil actions, is the amount of money or property, which the plaintiff claims; and where the damages are wholly uncertain, as in slander and the like, is to be measured by the *ad damnum;* but where the damages are governed by a certain rule, as in a contract to pay money, the value is to be measured by the claim as set forth in the several counts of the declaration.

If the want of jurisdiction for deficiency of value in the action appears upon the face of the pleadings, the court must, upon motion, dismiss the action; but if it does not, the court will retain or dismiss the action, as it appears that the plaintiff had reason or not to believe that his cause of action exceeded in real value fifty dollars; and a motion to dismiss, in such case, being a matter of discretion with the court of common pleas, the granting or refusal of such motion cannot be the subject of a bill of exceptions to this court.

ASSUMPSIT, brought in the court of common pleas of the county of Kent, at the August term, 1857. The declaration

counted on a promissory note dated January 20, 1855, for twenty-five dollars, payable on demand with interest; and in addition, contained counts in *indebitatus assumpsit* for book account, for goods sold and delivered, and work and labor done, and the money counts, each claiming one hundred dollars, and the damages in the writ were laid at one hundred dollars.

Plea, the general issue and joinder.

At the trial of the action at the February term, 1858, of the court of common pleas for the county of Kent, before Mr. Justice Shearman, with a jury, the plaintiff offered, and declared that he had, no other evidence to maintain his action than the promissory note described in his declaration; whereupon, the defendant moved the court to dismiss the action, on the ground, that inasmuch as the demand was not of the value of fifty dollars, the court of common pleas had no original jurisdiction of the cause of action, which was vested exclusively in the justices of the peace of the county of Kent. The court refused to grant the motion, and the jury returned a verdict for the plaintiff of $25.90. The refusal on the part of the court of common pleas under the above circumstance, to grant this motion, was now brought before this court by a bill of exceptions.

*Cozzens*, for defendant, upon the point of jurisdiction, referred to Rev. Stats. ch. 165, § 2, ch. 168, § 1; and that the matter was the proper subject of a motion, to 1 Chit. Pl. 428; *Parker* v. *Elding*, 1 East, 352.

*Greene* and *Peck*, for the plaintiff:—

1st. The defendant cannot take advantage of a want of jurisdiction unless by proper plea.

2d. Where, upon the face of the writ and declaration, the court have jurisdiction, they will not dismiss upon mere motion.

3d. The amount of damages laid in the writ give jurisdiction. *Muns* v. *Dupont de Nemours*, 2 Wash. C. C. R. 463; *Stevens* v. *Pearson*, 5 Verm. R. 503.

4th. After a plea in bar, it is too late to object to the jurisdiction.

BRAYTON, J. This bill of exceptions involves the question, whether the court of common pleas had jurisdiction in this case,

and the further question, whether the court could properly dismiss it upon motion, and without a plea to the jurisdiction.

The statute, (Rev. Stats. ch. 168, § 1,) declares, that " every justice of the peace shall have original and exclusive jurisdiction of all civil actions " &c. " where the debt or damages demanded do not exceed fifty dollars," and ch. 165, § 2, declares, that the court of common pleas " shall have original jurisdiction of all civil actions, at law, between party and party, which shall be of fifty dollars value, or upwards."

The jurisdiction of the court of common pleas, it will be seen, depends upon the value of the action. It must be of the value of fifty dollars or upwards. If it be of less value, that court has no jurisdiction, but the case is within the exclusive jurisdiction of a justice of the peace. But the question here is, not so much what amount will give jurisdiction, as it is, in what mode this value is to be determined. What is the value of an action? In what does it consist? The value to the parties must be the amount which is depending upon the determination of the suit, the amount of money or property, which the plaintiff claims to recover of the defendant, and which, if resisted, the plaintiff intends to submit to the decision of the court. Its whole value consists in this. This is all the plaintiff can gain or the defendant can lose, by the judgment; and the question in every case is, to which of the two it properly belongs.

The plaintiff claims, that this is to be determined by the *ad damnum* in the writ and declaration, and if the damages be thus laid to the amount required by the statute, it is sufficient. It is so in many cases ; but it is not necessarily conclusive, nor is it in fact in all cases decisive. The matter of claim, as set forth in the declaration in the several counts, must appear to be of that value, or we should rather say, perhaps, they should appear not to be of less value. If they do, the *ad damnum* will not aid the defect. If, therefore, the plaintiff declare upon an express contract for the payment of a less sum than fifty, as for thirty dollars, without more, though the *ad damnum* be one hundred dollars, it appearing from the declaration that all that the plaintiff can under any circumstances recover is less than fifty dollars, the court has no jurisdiction to render a judgment

thereon; and so, if he declare upon any number of causes of action as to which the rule of damages is certain, by which the amount of his damages can be ascertained by calculation, supposing that the causes of action be proved as laid, and they be altogether less than fifty dollars, the plaintiff is not within the jurisdiction. It is only where the damages are uncertain, so that it can only be determined upon the testimony which may be given what amount the plaintiff ought to recover, that the *ad damnum* can be resorted to. In such cases, the damages being uncertain, and there being no rule of law to determine them, but being dependent solely upon the proof, the party is allowed to put his own estimate upon them. If, therefore, in such case, he claims to recover more than fifty dollars, he is entitled to have the question as to them tried and determined in the court of common pleas. To deny him this liberty, is to debar him from a hearing in any court, as to so much as is above fifty dollars; since, to go into the inferior jurisdiction, he must absolutely renounce so much of his claim.

Neither does it depend upon the amount of the verdict which may be rendered; for this determines only how much of the matter in issue belongs to the plaintiff. The jury may determine that the amount claimed belongs wholly or in part only to him; or, as the case may be, that it belongs in whole or in part to the defendant; but this does not determine the amount or value of the matters which are submitted to their judgment. Upon this view of the subject, the statute, (Rev. Stats. ch. 190, § 4,) was evidently framed. This section provides, that in actions of slander and some other actions mentioned in that section, the plaintiff shall, in case his damages are assessed at less than seven dollars, recover no more costs than damages, assuming that the court has jurisdiction to render a judgment for the plaintiff however small the verdict may be.

Upon a motion to dismiss the suit for want of jurisdiction in this respect, apparent upon the record, the question in every case would be, whether upon the pleadings it appears, that the plaintiff, provided he proved the cause or causes of action as they are alleged, could recover thereon to the amount of fifty dollars? If beyond doubt he could not, his suit must be dis-

missed, as without the jurisdiction of the court. If, upon proper proof he might, the court has apparent jurisdiction, and the motion to dismiss in that stage of the cause must be overruled.

The statute, however, was intended to keep the jurisdiction of justices of the peace distinct from that of the court of common pleas, that justices should have the sole cognizance of all actions of a less value than fifty dollars, that no action of that small value should be brought originally in the common pleas, and that the docket of that court should not be burdened with such small causes. This evil, the statute intended to provide against; and it ought not to be evaded and rendered null. Every party, who, in good faith, believing that he has a right to recover to the value of fifty dollars, honestly intends to submit claims to that amount to the determination of the court, has the right to the judgment of the court of common pleas thereon; but it gives him no right to transfer the jurisdiction of a justice to that court; and he cannot confer upon that court jurisdiction to determine any claim of less value than fifty dollars, merely by alleging to any greater amount, fictitious claims which he never intended should be heard or determined, and for the mere purpose of giving jurisdiction over the smaller claim; and wherever it appears that a party has thus fraudulently attempted to give this jurisdiction, he cannot complain, that he is dismissed out of a court in which he has no rightful standing, and into which he has come only by bad faith; and he ought, in such case, to be so dismissed into the jurisdiction provided for him.

But the defendant contends, that this cannot be done upon motion merely, and without a plea to the jurisdiction; there being upon the record no apparent want of jurisdiction.

We do not think this is necessary, or that it ought to be required, or that this objection can properly be made by a plaintiff who thus comes into court.

The power, incident to every court, to regulate all proceedings in it and the conduct of all suitors and officers, which makes it a duty to see that those proceedings and that conduct are in good faith, and that its forms of proceedings are not used in bad faith and as a cloak for any fraudulent or illegal purpose,

is broad enough to warrant a dismissal of a suit, not merely upon the motion of the other party, but upon the mere motion of the court itself. In every case, therefore, where it appears to the court that the party is conducting in bad faith toward the court itself, by attempting, under the forms of law, to impose upon it a jurisdiction which the court is prohibited from exercising, it may properly, and as a just punishment for such attempt, dismiss the party.

But at the same time, though the court may dismiss, it is a matter in its discretion, depending upon the circumstances as they appear in each case; and upon the facts as they appear, the court must necessarily be the sole judge. This is not a matter which can properly be reviewed here; and as the judge below, in the exercise of his discretion, upon a view of all the circumstances, refused to dismiss, although we may think he might properly have dismissed the case, we must still overrule the exception of the defendant, and remit the case, with direction to enter judgment upon the verdict.